UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Schneider National Carriers, Inc.,                      Case No. 3:24-cv-503

        Plaintiff,

    v.                                                      MEMORANDUM OPINION
                                                            AND ORDER

B 1st Logistics LLC, *et al.*,

        Defendants.

## I. INTRODUCTION

On March 18, 2024, Plaintiff Schneider National Carriers, Inc., filed this lawsuit against Defendants B 1st Logistics LLC and Monte D. Anderson, seeking monetary damages after a trailer owned by Schneider was hit by a train after Anderson left the trailer across a railroad crossing. (Doc. No. 1). Schneider successfully perfected service on B 1st and, after B 1st failed to file an answer to the complaint, obtained an entry of default from the Office of the Clerk of Court. (Doc. Nos. 5 and 8). Schneider did not perfect service on Anderson, and I subsequently dismissed Anderson pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. No. 9).

Schneider then moved for entry of default judgment against B 1st and an award of damages. (Doc. No. 11).[1] For the reasons stated below, I grant Schneider's motion in part and deny it in part.

---

[1] Schneider filed a motion for default judgment, (Doc. No. 10), on August 12, 2024, and an amended motion for default judgment the following day. (Doc. No. 11). Therefore, I deny Schneider's first motion for default judgment as moot.

## II. Background

Schneider and B 1st were parties to a Master Transportation Agreement signed in January 2022, which called for B 1st to transport Schneider's owned trailers and brokered cargo to various locations in the United States. (Doc. No. 1 at 3-4). On March 18, 2022, Anderson, driving a semi-truck owned by B 1st, departed a McComb, Ohio shipping location while pulling a trailer owned by Schneider and carrying a shipment of goods on Schneider's behalf. (*Id.* at 5). A few hours later, Anderson veered off of the intended route of transportation and attempted to cross a set of railroad tracks in Paulding County, Ohio. (*Id.*). While crossing the tracks, the trailer became stuck, "with all tires unable to touch the road." (*Id.*). Anderson disconnected the semi-truck from the trailer and drove it away from the railroad crossing. (*Id.*). Anderson did not contact the police or the railroad before a Norfolk Southern train hit the disabled trailer and tore it in half. (*Id.* at 5-6); (Doc. No. 11-5).

B 1st's insurer paid the coverage limit for the damages cargo but denied coverage for the damages to the trailer because the semi-truck Anderson drove was not covered by the insurance policy. (Doc. No. 1 at 6). Schneider asserts five claims for relief: (1) negligence against Anderson; (2) *respondeat superior* against B 1st; (3) negligent entrustment against B 1st; (4) breach of contract against B 1st for damage to the trailer; and (5) breach of contract against B 1st for failing to maintain adequate insurance and failure to pay for the damages incurred in the accident. It seeks compensatory damages.

## III. Discussion

Default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure. The Clerk of Court must enter default against a party who has been served with a complaint but who has failed to file a responsive pleading or otherwise defend against the allegations. Fed. R. Civ. P. 55(a). The party seeking relief may apply for a default judgment under Rule 55(b) after the Clerk enters

2

default.  Entry of default means the factual allegations in the complaint are taken as true, while the plaintiff must offer proof of the amount of damages before a court may award them.  *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 44 F.4th 393, 403 (6th Cir. 2022).

I conclude Schneider is entitled to judgment in its favor on its breach of contract claims.  *See id.* (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (further citation omitted)).  Schneider and B 1st entered into an agreement which required B 1st to accept sole and exclusive responsibility for any damage or loss to Schneider's trailer, its contents, or both while in B 1st's possession.  (Doc. No. 11-2 at 9-11).  The contract also required B 1st to maintain adequate insurance, subject to certain minimum requirements, for Schneider's equipment.  (*Id.* at 9).  Schneider has alleged B 1st failed to perform its contractual duties as to both of these requirements and offers evidence it suffered $75,899.86[2] in damages as the result of B 1st's breach of contract.  (*See* Doc. No. 11-1).  I conclude the evidence in the record sufficiently establishes the amount of damages and enter judgment in this amount in favor of Schneider.

I previously dismissed Schneider's claims against Anderson because it failed to perfect service of the complaint.  (Doc. No. 9).  Therefore, Schneider cannot prevail on its negligence claim against Anderson.  I also conclude Schneider cannot prevail on its *respondeat superior* claim or its negligent entrustment claim against B 1st.

First, I consider Schneider's *respondeat superior* claim.  While there is no requirement that a negligent employee be named as a party in order for the employer to be held responsible for the employee's negligence, *Wulf v. Bravo Brio Restaurant Group, Inc.*, 142 N.E.3d 123, 136 (Ohio Ct. App. 2019), the allegations in the complaint do not establish that Anderson was negligent.  Schneider alleges Anderson (1) had a duty to exercise reasonable care to protect its property, (2) got the trailer

---

[2]  This total consists of property damage in the amount of $55,978.21, loss of use in the amount of $7,125.65, and towing expenses in the amount of $14,157.00, minus $1,371.00 in available payables Schneider credited against the loss amount.  (Doc. No. 11-1 at 2).

stuck on the railroad crossing, and (3) did not contact the police or Schneider before the trailer was struck by a train. (Doc. No. 1 at 5, 7).

But the complaint does not include allegations which, taken as true, support Schneider's conclusion that Anderson breached his duty of care. Schneider does not identify how the trailer became lodged on the railroad or indicate how much time passed between the trailer becoming stuck and the train impacting the trailer. Nor has Schneider identified a basis upon which I might conclude Anderson's conduct constitutes negligence per se under Ohio law. I conclude there are insufficient factual allegations to establish that Anderson acted negligently and dismiss Schneider's *respondeat superior* claim against B 1st.

I also deny Schneider's motion as it applies to its negligent entrustment claim. Under Ohio law, a plaintiff bringing a negligent entrustment claim must allege "'that the owner of the automobile had knowledge of the driver's incompetence, inexperience[,] or reckless tendency as an operator, or that the owner, in the exercise of ordinary care, should have known thereof from facts and circumstances with which he was acquainted.'" *Maeder v. Hale*, 2012-Ohio-2, 2012 WL 8708, \*1 (quoting *Mt. Nebo Baptist Church v. Cleveland Crafts Co.,* 93 N.E.2d 668 (1950), at paragraph two of the syllabus). *See also Boyd v. Smith*, No. 2:12-CV-814, 2014 WL 1050080, at \*6 (S.D. Ohio Mar. 14, 2014) (holding plaintiff's negligent entrustment claim failed, despite employee's negligence, because plaintiff failed to identify evidence of prior accidents or negligence involving employee).

Schneider has not alleged any facts to show that B 1st knew or should have known Anderson was not a competent driver at the time it entrusted him with the trailer. Therefore, I dismiss Schneider's negligent entrustment claim.

## IV. CONCLUSION

For the reasons stated above, I deny Schneider's motion for entry of default judgment on its *respondeat superior* and negligent entrustment claims and dismiss those claims. I grant Schneider's motion for entry of default judgment on its breach of contract claims and award Schneider $75,889.86 in damages resulting from B 1st's breach of contract.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge